UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ESTEBAN BENAVIDES, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-121 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants Abbott, Williams, Wicks and Dominguez's Motion for Judgment on the Pleadings. (D.E. 22.) For the reasons stated herein, Defendants' motion is GRANTED. Plaintiff's malicious prosecution claims under federal and state law are dismissed. However, Plaintiff's Section 1983 excessive force claim remains against all Defendants, as does his Texas law claim for assault and battery against the individual Defendants.

### I. JURISDICTION

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff brings suit pursuant to 42 U.S.C. § 1983.

### II. BACKGROUND

The pleadings establish as follows:

On or about July 1, 2009, Plaintiff Esteban Benavides was driving his son and his son's friend to Benavides's home. As he turned onto his street, Benavides passed a Corpus Christi police patrol cruiser being driven by Defendant police officer K. Abbott and heading in the opposite direction. Because he was breaking no laws, Plaintiff continued to his house. (D.E. 1, p. 3.)

However, as Benavides pulled into his driveway and got out of his car, he noticed that Officer Abbott had pulled up behind him, blocking the driveway. Officer Abbott immediately advanced toward Mr. Benavides and ordered Benavides to get back into the car. As Benavides "attempted to comply" with Officer Abbott's order and asked the officer what was going on, Officer Abbott "pushed Benavides into the open driver's side door of the vehicle and then repeatedly slammed the vehicle door on Mr. Benavides' foot." Meanwhile, Benavides' son's friend fled on foot. Officer Abbott chased after the friend, and left Benavides alone. (D.E. 1, p. 3.)

Several other police cruisers arrived. Defendant Officer Williams approached Benavides and ordered Benavides to step out of the car. Once Benavides got out, Officer Williams "slammed" Benavides down "face-first" onto the hood of his car. Officer Williams then "began to drag Benavides toward a police cruiser out in the street." Defendant Officer Wicks "entered the fray" and "placed his forearm against Benavides' neck." Officer Wicks then pushed Benavides to the pavement. While Benavides was lying down, Officers Williams and Wicks "began to unleash a barrage of blows" to Benavides' head and torso. Officer Dominguez joined in and all three officers "elbowed, kneed and kicked" Benavides. (D.E. 1, p. 4.)

Benavides was given a citation for failure to use his blinker and was charged with resisting arrest. Defendants then impounded Benavides's car, even though it was parked in his own driveway. The charge of resisting arrest was later dismissed. (D.E. 1, p. 4.)

As a result of Defendants' actions, Benavides sustained serious injuries, including a broken foot and contusions and lacerations across his body.

Benavides sued Defendants under 42 U.S.C. § 1983, bringing the following claims against individual Defendants Abbott, Williams, Wicks, and Dominguez: (1) use of excessive

force in violation of Section 1983, (2) malicious prosecution in violation of Section 1983, (3) malicious prosecution in violation of Texas law, and (4) assault and battery under Texas law. Plaintiff also brought a Monell claim under Section 1983 against Defendant City of Corpus Christi.  (D.E. 1.)

The individual Defendants now move for judgment on the pleadings under Fed. R. Civ. P. 12(c), seeking dismissal of Plaintiff's Section 1983 malicious prosecution claim and his Texas law malicious prosecution claim.  (D.E. 22.)  Plaintiff timely responded.  (D.E. 23.)

## III.   DISCUSSION

### A.   Motion for Judgment On The Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12 (c).  The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.  See Guidry v. American Public Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007).  The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  Id. (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).  However, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965 (citation and footnote omitted); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. 544).

### B. Malicious Prosecution Under Section 1983

Plaintiff pleads a cause of action for malicious prosecution under Section 1983, alleging that Defendants, under color of state authority, maliciously charged him with resisting arrest; tendered false information to the prosecutor, leading the prosecutor to believe that probable cause existed when it did not; and that the charge terminated in Plaintiff's favor. (D.E. 1 at 10.) However, as this Court has explained, "'causing charges to be filed without probable cause will not without more violate the Constitution.'" Crocker v. City of Kingsville, 2006 U.S. Dist. LEXIS 51410, *9 (S.D. Tex. July 26, 2006) (quoting Castellano v. Fragozo, 352 F.3d 939, 953 (5th Cir. 2003)); see also Gonzalez v. City of Corpus Christi Tex., 2011 U.S. Dist. LEXIS 4381 (S.D. Tex. Jan. 18, 2011).

Although the Fifth Circuit has recognized that "additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation" under Section 1983, see Castellano, 353 F.3d at 953, "under the language of Castellano, § 1983 claims for malicious prosecution that also implicate excessive force or other constitutional violations 'are not claims for malicious prosecution and labeling them as such only invites confusion.'" Gonzalez, 2011 U.S. Dist. LEXIS 4381, *8-9 (quoting Castellano, 352 F.3d at 953-54); see also Deville v. Marcantel, 567 F.3d 156, 169 (5th Cir. 2009) (granting summary judgment on plaintiff's § 1983 malicious prosecution claim because such claim is not "independently cognizable" in light of the Fifth Circuit's holding in Castellano) (quoting Castellano, 352 F.3d at 953-54).[1]

---

[1] Plaintiff points out that courts in other Circuits take a variety of different approaches to malicious prosecution claims under Section 1983. (D.E. 23) (citing Albright v. Oliver, 510 U.S. 266, 271 (1994) (noting that "the extent to which a claim of malicious prosecution is actionable under § 1983 is one 'on which there is an embarrassing diversity of judicial opinion.'") (citing Brummett v. Camble, 946 F.2d 1178, 1180, n. 2 (5th Cir. 1991) (cataloging divergence of approaches by the Courts of Appeals)). However, the Fifth Circuit's decision in Castellano is controlling authority on this Court.

In this case, the allegations — namely, that Defendants violated Plaintiff's constitutional rights by filing charges against him without probable cause — do not support a claim under Section 1983. To the extent that Plaintiff alleges that Defendants took additional actions that violated his Fourth Amendment rights — including, for example, Officer Abbott's actions in repeatedly slamming the car door against Plaintiff's foot — these "are not claims for malicious prosecution and labeling them as such only invites confusion." Castellano, 352 F.3d at 953-54. In addition, to the extent Plaintiff alleges any of the individual Defendants testified falsely against Plaintiff at trial, the Defendants would be immune from liability. "Witnesses, including police officers, are … shielded by absolute immunity from liability for their allegedly perjurious testimony." Enlow v. Tishomingo County, 962 F.2d 501, 511 (5th Cir. 1992) (citing Briscoe v. Lahue, 460 U.S. 325, 335-336 (U.S. 1983)); see also Castellano, 352 F.3d at 958 ("prosecutors and witnesses, including police officers, have absolute immunity for their testimony at trial.") Thus, as pled in the complaint, Plaintiff's malicious prosecution claim fails.

In Gonzalez, the Court allowed the plaintiff to amend his complaint in order to remove the term "malicious prosecution" and to allege a freestanding due process violation. See 2011 U.S. Dist. LEXIS 4381, *11-14. Plaintiff in this case similarly seeks to amend his complaint in order to avoid dismissal. (D.E. 23 at 6.) However, in this case, the deadline to amend pleadings was November 15, 2010 and has long passed. (D.E. 16.) Therefore, Defendants' Motion for Judgment is granted with respect to Plaintiff's federal malicious prosecution claim.

  **C. Malicious Prosecution Under Texas Law**

To establish a claim for malicious prosecution under Texas law, Plaintiff must prove that: "(1) a criminal prosecution was commenced against [Plaintiff]; (2) [Defendant] initiated or procured that prosecution; (3) the prosecution terminated in [Plaintiff's] favor; (4) [Plaintiff] was

innocent of the charges; (5) [Defendant] lacked probable cause to initiate the prosecution; (6) [Defendant] acted with malice; and (7) [Plaintiff] suffered damages." Kroger Texas Ltd. Partnership v. Suberu, 216 S.W.3d 788, 793 (Tex. 2006). "The probable cause element asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. Courts must presume that the defendant acted reasonably and had probable cause to initiate criminal proceedings." Id. (citations omitted).

Here, Plaintiff alleges that Defendants are liable for Texas law malicious prosecution because they "instituted criminal proceedings against Plaintiff with malice and under color of state law." (D.E. 1 at 12.) The facts further state that, after his altercation with the Defendants, Mr. Benavides was "given a citation for failure to use his blinker and he was charged with resisting arrest." (Id. at 4.) "The charge of resisting arrest was later dismissed." (Id.)

Plaintiff does not at any point allege that Defendants lacked probable cause to initiate the prosecution against him, even though this is an essential element of his claim. Kroger, 216 S.W.3d at 793. Moreover, Plaintiff concedes that he was issued a traffic citation for failing to use his blinker. (D.E. 1 at ¶ 11.) Although Plaintiff states that "he was breaking no laws" when he drove his car home, (D.E. 1 at ¶ 8), Plaintiff does not state that the traffic citation was issued in error or that Defendants lacked probable cause to believe Plaintiff was violating the law.

As explained, in analyzing a malicious prosecution claim, "[c]ourts must presume that the defendant acted reasonably and had probable cause to initiate criminal proceedings. To rebut this presumption, the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause." See Kroger Texas Ltd., 216 S.W.3d at 793. Given this standard, these allegations simply do not provide

sufficient basis from which the Court could conclude that any Defendant committed acts supporting a claim for Texas law malicious prosecution. See Iqbal, 129 S.Ct. at 1949 (explaining that claims must offer more than naked assertions devoid of further factual enhancement) (citing Twombly, 550 U.S. 544).

Plaintiff seeks to amend his complaint to correct deficiencies in his pleading and avoid dismissal. (D.E. 23 at 6.) However, as said, the deadline to amend the pleadings was November 15, 2010 and has long passed. (D.E. 16.) Therefore, Defendants' Motion for Judgment is granted with respect to Plaintiff's state law malicious prosecution claim as well.

## IV. CONCLUSION

For the reasons set forth above, Defendants Abbott, Williams, Wicks and Dominguez's Motion for Judgment on the Pleadings (D.E. 22) is GRANTED. Plaintiff's malicious prosecution claims under federal and state law are dismissed. However, Plaintiff's Section 1983 excessive force claim remains against all Defendants, as does his Texas law claim for assault and battery against the individual Defendants.

SIGNED and ORDERED this 7th day of March, 2011.

_____
Janis Graham Jack
United States District Judge